SEWELL HATS, Inc., v. NATIONAL LA-
BOR RELATIONS BOARD.

No. 10942.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1944.

---

Clifford R. Wheeless and O. C. Hancock, both of Atlanta, Ga., for petitioner.

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, Howard Lichtenstein, Asst. Gen. Counsel, N.L.R.B., and Owsley Vose, Atty., N.L.R.B., all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Sewell Hats, Inc., petitions for a review and to set aside an order issued by the National Labor Relations Board pursuant to Section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

The Board found that the petitioner had engaged in unfair labor practices affecting commerce within the meaning of Section 2 (6) and (7) and Section 8(1) and (3) of the Act, by questioning employees concerning union membership and activities, threatening them with discharge because of such activities, and by discharging two employees and laying off a third because of their union membership and activities. The Board's order requires petitioner to cease and desist from its unfair labor practices, to offer reinstatement with back pay to the three employees which it alleges were discriminated against, and to post appropriate notices.

Mrs. R. A. Sewell was president and general manager of the Sewell Corporation. A group of employees called on her and requested an increase in wages. Mrs. Sewell declined such increase and thereupon the employees became dissatisfied and the group decided to form a union. The evidence shows that Mrs. Sewell sought to prevent the union from being organized. Much of the evidence goes to show that through certain of her employees she used influence against the organization of the union. One of her assistants, and who was regarded by the employees as an officer and from whom they took orders from time to time, aided Mrs. Sewell and advised certain of the employees not to join the union and that to join would displease Mrs. Sewell. A meeting of certain of the employees was called by Mrs. Sewell and at this meeting she sought and found out the names of each one of the employees who were leading in the attempted organization.

One of her foremen was instructed to train another to work at one of the machines in his department preparatory to laying off an employee who had been instrumental in the attempted organization, and who worked regularly at the machine in question. Boykin Barnett had taken a leading part in signing up employees for the union. While the mill had been shut down he injured his hand and when he returned to work he was told that he could not have his place. He was regarded as one of the best workers and was able to block as many as 100 dozen hats in one day. He was not permitted to return to work, although there was a shortage of labor at that time. It required two new employees to fill his place. This foreman explained to Mrs. Sewell that the attempted changes in his department would reduce efficiency and otherwise interfere with the work and he thereupon quit the services of the Hat Corporation.

■ The evidence further shows that the two employees discharged and the one laid off had been active and instrumental in seeking to organize the union. Therefore, the Board was warranted in ordering the reinstatement of Willie Dodson, Lovena Johnson and Boykin Barnett.

■ No good purpose can be served by setting out the evidence at length. It is sufficient to say that the Board's findings of fact were supported by substantial evidence.

■ We are of opinion that there was substantial evidence to support the Board's finding that petitioner had engaged in interference, restraint and coercion, in violation of Section 8(1) of the Act. Petition-

er's attempt to ascertain and identify the union leaders, its interrogation of employees concerning their union membership and activities, and its threats to discharge employees if they joined the union have been held many times to be in direct violation of the National Labor Relations Act. National Labor Relations Board v. Richter's Bakery, 5 Cir., 140 F.2d 870; Humble Oil & Refining Co. v. N.L.R.B., 5 Cir., 140 F.2d 777; National Labor Relations Board v. Brown Paper Mill Co., 5 Cir., 133 F.2d 988; H. J. Heinz Co. v. N.L.R.B., 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; National Labor Relations Board v. Alco Feed Mills, 5 Cir., 133 F.2d 419.

The petition to set aside the order is denied and the order for enforcement is hereby granted.